## UNITED STATES BANKRUPCTY COURT
## DISTRICT OF NEW MEXICO

**IN RE:**

**Elaine N. Allen aka Elaine N. Allen-Olmeda and Jaime J. Reyes aka Jaime J Olmeda,**

**Debtors.**                    **Case No. 19-10032-ja7**

### DEFAULT ORDER GRANTING RELIEF FROM STAY AND
### ABANDONMENT OF PROPERTY LOCATED AT
### 6548 Basket Weaver Ave. NW, Albuquerque, NM 87114

This matter came before the Court on the Motion for Relief from Stay and Abandonment of Property filed on February 14, 2019, Docket No. 18 (the "Motion"), by Wells Fargo Bank, N.A. ("Movant"). The Court, having reviewed the record and the Motion, and being otherwise sufficiently informed, FINDS:

(a)     On February 14, 2019, Movant served the Motion and notice of the Motion (the "Notice") on counsel of record for Debtors, Elaine N. Allen and Jaime J. Reyes, and the case trustee, Edward Alexander Mazel, (the "Trustee") by use of the Court's case management and electronic filing system for the transmission of notices, as

authorized by Fed.R.Civ.P. 5(b)(3) and NM LBR 9036-1, and on the Debtors and US Trustee by United States first class mail, in accordance with Bankruptcy Rules 7004 and 9014;

    (b)    The Motion relates to the following property legally described as:

Lot numbered Six-A-P1 (6A-P1) in Block numbered Seven (7), Plat for ANASAZI RIDGE UNIT 2, within the Town of Alameda Grant, projected Section 3, Township 11 North, Range 2 East, N.M.P.M., City of Albuquerque, Bernalillo County, New Mexico, as the same is shown and designated on the Plat thereof, filed in the office of the County Clerk of Bernalillo County, New Mexico, on March 16, 2007, recorded in Plat Book 2007C, page 67, as Document No. 2007040857, and rerecorded in Plat Book 2010C-96, records of Bernalillo County, New Mexico.

    and commonly known as: 6548 Basket Weaver Ave. NW, Albuquerque, NM 87114;

    (c)    The Notice specified an objection deadline of 21 days from the date of service of the Notice, to which three days was added under Bankruptcy Rule 9006(f);

    (d)    The Notice was sufficient in form and content;

    (e)    The objection deadline expired on March 7, 2019;

    (f)    As of March 11, 2019, no objections to the Motion have been filed;

    (g)    The Motion is well taken and should be granted as provided herein; and

    (h)    By submitting this Order to the Court for entry, the undersigned counsel for Movant certifies under penalty of perjury that on March 11, 2019, McCarthy & Holthus, LLP searched the data banks of the Department of Defense Manpower Data Center ("DMDC") and found that the DMDC does not possess any information indicating that the Debtors are currently on active military duty of the United States.

**IT IS THEREFORE ORDERED:**

    1.    Pursuant to 11 U.S.C. §362(d), Movant and any and all holders of liens against the Property, of any lien priority, are hereby granted relief from the automatic stay:

(a)     To enforce their rights in the Property, including foreclosure of liens and a foreclosure sale, under the terms of any prepetition notes, mortgages, security agreements, and/or other agreements to which Debtors is a party, to the extent permitted by applicable non-bankruptcy law, such as by commencing or proceeding with appropriate action against the Debtors or the Property, or both, in any court of competent jurisdiction; and

(b)     To exercise any other right or remedy available to them under law or equity with respect to the Property.

2.     The Property is hereby abandoned pursuant to 11 U.S.C. §554 and is no longer property of the estate. Creditor shall not be required to name the Trustee as a defendant in any action involving the Property or otherwise give the Trustee further notice.

3.     The automatic stay is not modified to permit any act to collect any deficiency or other obligation as a personal liability of the Debtors, although the Debtors can be named as a defendant in litigation to obtain an *in rem* judgment if Debtors are granted a discharge, or to foreclose the Property in accordance with applicable non-bankruptcy law.  Nothing contained herein shall preclude Creditor or and any and all holders of liens against the Property, from proceeding against the Debtors personally, to collect amounts due, if Debtors' discharge is denied or if Debtors' bankruptcy is dismissed.

4.     This Order shall continue in full force and effect if this case converted to a case under another chapter of the Bankruptcy Code.

5.       This Order is effective and enforceable upon entry. The 14-day stay requirement of Fed.R.Bankr.P. 4001(a)(3) is waived.

6.       Movant is further granted relief from the stay to engage in loan modification discussions or negotiations or other settlement discussions with the Debtors and to enter into a loan modification with the Debtors.

###END OF ORDER###

**RESPECTFULLY SUBMITTED BY:**


**/s/  Daniel Grunow**
**McCarthy & Holthus, LLP**
**Daniel Grunow, Esq.**
**Attorney for Movant,**
**6501 Eagle Rock NE, Suite A-3**
**Albuquerque, NM 87113**
**(505) 219-4900**
**/s/ submitted electronically 3/11/2019**
**dgrunow@mccarthyholthus.com**



COPIES TO:

**DEBTORS**
Elaine N. Allen
6548 Basket Weaver Ave NW
Albuquerque, NM 87114

Jaime J. Reyes
6548 Basket Weaver Ave NW
Albuquerque, NM 87114


**DEBTOR(S) COUNSEL**
Albert W Schimmel, III
spike@schimmellaw.com


**CASE TRUSTEE**

Edward Alexander Mazel
edmazeltrustee@askewmazelfirm.com

**US TRUSTEE**
PO Box 608
Albuquerque, NM 87103-0608

**SPECIAL NOTICE(S)**
Scott E. Turner
Turner Law Firm, LLC on behalf of the Anasazi Ridge Homeowners Association, Inc.
500 4th St., N.W.,
Suite 200
Albuquerque, NM 87102

**SPECIAL NOTICE**
Synchrony Bank
claims@recoverycorp.com

U.S. Eagle Federal Credit Union
jbreen@useagle.org